# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SPILLERS,<br><br>                      Petitioner,<br><br>vs.<br><br>SILVIA H. GARCIA, Warden<br><br>                      Respondent. | Civil No.   10-1634 JAH (BGS)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT, EASTERN DIVISION** |

      Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C.A. § 2254. Petitioner has not paid the $5.00 filing fee and has not filed a motion to proceed in forma pauperis. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice. Thus, this Court does not rule on Petitioner's in forma pauperis status.

      A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at La Palma Correctional Center in Eloy, Arizona. (*See* Pet. at 1.) Petitioner's state court conviction occurred in Riverside County Superior Court, which is located within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern

1  Division. *See* 28 U.S.C. § 84(c)(1). Thus, jurisdiction exists in the Central District, but not in
2  the Southern District.

3        Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
4  Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
5  jurisdiction the court shall transfer the action to any other such court in which the action could
6  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
7  Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
8  has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
9  be in the interest of justice because normally dismissal of an action that could be brought
10 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
11 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
12 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
13 § 2241(d).

14       When a habeas petitioner is challenging a state court conviction, the district court of the
15 district in which the state court conviction took place is a more convenient forum because of the
16 accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district
17 courts in California to transfer habeas actions questioning state court convictions to the district
18 in which the state court conviction took place. Any and all records, witnesses and evidence
19 necessary for the resolution of Petitioner's contentions are more readily available in Riverside
20 County. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer
21 habeas cases to the district of conviction which is ordinarily a more convenient forum).
22 Therefore, in the furtherance of justice,

23       **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States
24 District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 2241(d).
25 / / /
26 / / /
27 / / /
28 / / /

1 **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order
2 upon Petitioner and upon the California Attorney General.

5 DATED: August 10, 2010  _____
   John A. Houston
   United States District Judge